UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERICI CONSTRUCTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-744 (CEJ) |
| ) | |
| CLONE JEFFERSON OLIVER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Industrial & Municipal Supply, Inc., and Kenneth Marc Simmons to dismiss the amended complaint for improper venue, pursuant to Fed.R.Civ.P.12(b)(3) and 12(b)(6). Plaintiff opposes the motion and the issues are fully briefed.

**I. Background**

Plaintiff Alberici Constructors Inc., (Alberici) is a construction company located in St. Louis, Missouri. Defendant Clone Jefferson Oliver was employed by plaintiff as the Vice President of Construction. In 2006, plaintiff entered into a contract with Arlington County, Virginia to upgrade and expand the Arlington County Water Pollution and Control Plant. Oliver was the project director and was responsible for issuing purchase orders and approving invoices submitted by subcontractors. Plaintiff alleges that Oliver devised a fraudulent scheme to divert profits from plaintiff for his personal gain. Specifically, it is alleged that Oliver encouraged subcontractors to submit improperly inflated invoices, price quotes, and change orders to plaintiff. Once the invoices were paid by plaintiff, the subcontractors would then pay a portion of the money received to a corporation that was created by Oliver and defendant Pamela

Whitmore for the purpose of diverting and concealing the proceeds from inflated invoices.  Defendant Simmons was the president of defendant Industrial & Municipal Supply, Inc., (IMS), a subcontractor that, at Simmons' direction, allegedly submitted inflated invoices to plaintiff.

On December 29, 2011, plaintiff filed an amended complaint against IMS, Simmons, Oliver, Whitmore, and other subcontractors who allegedly submitted inflated invoices, price quotes, or change orders.  Plaintiff asserts claims of fraud (Count I), conspiracy to commit fraud (Count II), fraud in the inducement (Count III), breach of duty of loyalty (Count IV), breach of contract (Counts V, VI, VII, VIII), unjust enrichment (Counts IX, X, XI), and piercing the corporate veil (Counts XII, XIII, XIV).

IMS and Simmons move to dismiss the amended complaint for improper venue, pursuant to Fed.R.Civ.P.12(b)(3) and 12(b)(6).  They assert that their contract with plaintiff contains a  forum selection clause that requires claims to be litigated in Georgia.

II. Discussion

A forum selection clause is *prima facie* valid and should be enforced unless enforcement would be unreasonable and unjust.  Marano Enters. of Kan. v. Z–Teca Rests., 254 F.3d 753, 757 (8th Cir.2001) (quoting Dominium Austin Partners v. Emerson, 248 F.3d 720, 726 (8th Cir.2001)).  When a "forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain."  Servewell Plumbing, LLC v. Federal Ins. Co ., 439 F.3d 786, 789 (8th Cir.2006); see also Root v. Gers, Inc., 2002 WL 809539 * at 2, (D. Neb. April 3, 2002)("Where sophisticated parties freely negotiate a forum selection clause in a private business agreement, unaffected by

2

fraud, undue influence, or overwhelmingly unequal bargaining power, there are compelling reasons to give such clauses full effect.").[1]

On December 19, 2006, the plaintiff and IMS entered into a subcontract agreement; which states in part:

> Unless otherwise agreed in writing, Seller [IMS] shall continue to perform its obligations under this Purchase Order pending the resolution of any dispute that may arise under or relate to this Purchase Order.  Any dispute resolution provisions set forth in the Prime Contract between the Owner and Buyer [plaintiff] shall be also binding upon Seller, if no Prime Contract's dispute resolution provision governs, *the dispute shall be resolved by litigation in the Superior Court of Fulton County, Georgia*.

(Doc. # 61-17, p3).

Plaintiff argues that the forum selection clause is unenforceable because the subcontract agreement was procured through fraud.    It is well established that a forum selection clause is not enforceable if *the inclusion of that clause in the contract* was the product of fraud or coercion.  Marano, 254 F.3d at 757(quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974)).  Furthermore, a forum selection clause is not enforceable when a scheme to defraud commenced before the contract was executed.  See Farmland v. Frazier-Parrot Commodities, 806 F.2d. 848,851 (8th Cir. 1987)(abrogated on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989))("we believe that in a situation where a fiduciary relationship is created by a

---

[1]There is some disagreement among courts regarding whether state or federal law applies to the analysis of the enforceability of a forum selection clause. Servewell, 439 F.3d at 789 (8th Cir.2006)(noting that because "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue" the circuits disagree regarding whether federal or state law applies, and the Eighth Circuit has yet to adopt a definitive position on the issue). However, the Court does not believe it is necessary to resolve this issue here, inasmuch as Missouri has adopted the federal standard, and neither party argues that the application of either standard would materially affect the outcome.

3

contract tainted by fraud, the person defrauded cannot be held to the contractual forum selection clause. To hold otherwise would be grossly unfair to Farmland because it would force Farmland to comply with an agreement which never would have been made had the existence of fraud been known."). To render a forum selection clause unenforceable, the challenging party must state sufficient facts to support its claim of fraud. 11550 v. Cummings, 2008 WL 4681371 *2 (W.D. Mo. Oct. 22, 2008). Vague allegations of fraud are not enough to meet its burden.  Instead, fraud must be pled with particularity. Id.

Plaintiff has pled with sufficient specificity that the subcontract was entered into through fraud. Plaintiff alleges that the IMS and Simmons had a duty to disclose the value of piping needed for the project before the contract was entered. Plaintiff further alleges that prior to executing the subcontract, the defendants knowingly made false representations to plaintiff regarding the value of piping materials. The defendants made the misrepresentations knowing that the plaintiff would rely upon them in executing the subcontract. The Court finds that these allegations support plaintiff's claim of fraud in the inducement, and therefore, enforcement of the forum selection clause would be unreasonable in this case.

Generally, a forum selection clause is not enforceable if it would require a plaintiff to litigate its claims arising from the same operative facts in multiple forums. Public Sch. Ret. System v. State Street Bank, 2010 WL 318538, at * 1 (W.D. Mo. Jan. 21, 2010). Plaintiff's claims against all of the defendants center on the same operative facts (*i.e.,* the subcontractors' submission of inflated invoices to plaintiff and paying proceeds from the invoices to Oliver's corporation). If the forum selection clause were enforced, plaintiff's claims against IMS and Simmons would have to be litigated in a

4

Georgia court but not the claims against the other defendants.  Severing plaintiff's claims against IMS and Simmons would be impracticable, especially since plaintiff has asserted a claim of a conspiracy to commit fraud claim against all of the defendants. Given the claims asserted here, the Court finds that it would be inefficient to force the plaintiff to litigate in multiple forums.  See Public Sch. Ret. System, 2010 WL 318538 at *3 (citing JP Morgan Chase Bank, N.A. v. Coverall No. Amer., Inc., 22009 WL 1531779, at *3-4 (N.D. Ohio. June 1, 2009) (noting courts considering judicial economy as a factor in determining propriety of venue for tort and contract claims in the presence of a forum selection clause.)).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Industrial & Municipal Supply, Inc. and Kenneth Mar Simmons to dismiss the amended complaint for improper venue [# 64] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2012.