UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERICI CONSTRUCTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-744 (CEJ) |
| ) | |
| CLONE JEFFERSON OLIVER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss defendants John Aldrich (Aldrich) and Universal Painting Corporation (Universal) from this action with prejudice. Defendant Group Contractors, LLC (Group) and third-party defendants Daniel Andrepont (Andrepont), and Cecchi Enterprises, LLC (Cecchi) oppose plaintiff's motion. Also before the Court is Group's motion to amend its answer to include crossclaims against several co-defendants, including Aldrich.

I. Plaintiff's Motion to Dismiss Aldrich and Universal

After this lawsuit was filed, Universal filed a voluntary petition for bankruptcy. Aldrich is the owner of Universal. Plaintiff is an unsecured creditor in the bankruptcy proceeding. By stipulation approved by the bankruptcy court, plaintiff is allowed an unsecured claim in the amount of $1,000,000, in full and final settlement of plaintiff's claims against Universal and Aldrich. Pl. Ex. A, [Doc. #111-1]; Pl. Ex. B, [Doc. #111-2]. Plaintiff now seeks to dismiss Universal and Aldrich from this action pursuant to Fed.R.Civ.P. 41(a)(2).

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In determining whether dismissal is appropriate, courts consider factors such as:

> (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant.

Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998) (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)).

In this case, the factors weigh in favor of dismissal. Plaintiff has adequately explained the need to dismiss Universal and Aldrich. Universal is subject to a bankruptcy stay under 11 U.S.C. 362(a)(1), and its continued participation in this suit would result in piecemeal litigation and delay. Plaintiff explains that Aldrich will likely be forced to declare bankruptcy as well, if required to continue as a defendant in this action. Neither Universal nor Aldrich has filed a motion for summary judgment. Indeed, this litigation is still in its infancy, as a case management order has yet to be issued. Plaintiff has settled its claims against Universal and Aldrich, per the stipulation approved by the bankruptcy court, and the Court believes that dismissing these defendants is proper.

Group, Andrepont, and Cecchi argue that they will be prejudiced by the dismissal because plaintiff seeks to hold all defendants jointly and severally liable. However, as plaintiff points out, the Missouri contribution statute contemplates this exact situation, and provides that a settlement with one defendant reduces plaintiff's recovery against the others. Mo. Rev. Stat. §537.060. Defendants also assert that, if plaintiff dismisses some defendants from the case, it can no longer pursue conspiracy claims against the

remaining defendants.  This reflects a misunderstanding of Missouri law which allows a claim of civil conspiracy to be maintained against a single conspirator without joining all co-conspirators.  Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008) (quoting Grubb v. Curry, 72 S.W.2d 863, 864 (Mo. Ct. App. 1934)).  Finally, defendants' suggestion that plaintiff has engaged in underhanded behavior by failing to inform all defendants about Universal's bankruptcy proceedings is also misguided.  Defendants provide no legal authority to support the assertion that plaintiff is required to notify defendants of the bankruptcy of a co-defendant.

II.   Group's Motion for Leave to Add Crossclaims

Group moves for leave to amend its answer to include additional crossclaims against defendants Kenneth Marc Simmons (Simmons), Industrial & Municipal Supply, Inc. (IMS), Robert Glover (Glover), American Construction Services, Inc. of Tampa (ACS), and Aldrich.  Simmons and IMS object to this motion, and argue that Group's proposed crossclaims are devoid of factual content, and will be subject to motions to dismiss pursuant to Fed.R.Civ.P. 8(a)(2), 9(b), and 12(b)(6).  Plaintiff suggests that Group's motion to add crossclaims is a tactic to delay the dismissal of Aldrich and Universal.

The Court agrees that Group's proposed pleadings [Doc. #116-2] are vague and lack detail.  The proposed pleadings cannot satisfy the standards of Rule 8(a)(2), let alone the heightened standard of Rule 9.  The fact that Group did not attempt to assert crossclaims against these co-defendants until plaintiff moved to dismiss Aldrich and Universal lends credence to the assertion that the crossclaims are intended to delay or thwart the dismissal.  Regardless of Group's intent, the crossclaims are facially deficient and Group will not be allowed leave to amend its answer.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendants John Aldrich and Universal Painting Corporation with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2) [Doc. # 111], is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Group Contractors, LLC to amend its answer to include additional crossclaims [Doc. # 116] is **denied**.

**IT IS FURTHER ORDERED** that the motion of defendant Group Contractors, LLC third-party defendants Daniel Andrepont and Cecchi Enterprises, LLC for leave to file a sur-reply [Doc. # 123] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2013.