UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERICI CONSTRUCTORS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-744 (CEJ) |
| CLONE JEFFERSON OLIVER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Alberici Constructors, Inc., for default judgment against defendants Clone Jefferson Oliver, Pamela Whitmore, and Advanced Construction Solutions, Inc. (ACS),[1] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

This action was filed on April 27, 2011. The summons and a copy of the original complaint were served on defendant Oliver on May 9, 2011, and on defendants Whitmore and ACS on May 24, 2011. Plaintiff's first amended complaint was mailed to defendants Oliver, Whitmore, and ACS on September 26, 2011. Defendants failed to file an answer or responsive pleading. Upon plaintiff's motion, the Clerk of Court entered default against defendants on August 6, 2013. The plaintiff filed its motion for entry of default judgment on February 4, 2014.

In this action, plaintiff claims that the defendants engaged in a fraudulent scheme to divert profits from plaintiff. It is alleged that Oliver encouraged subcontractors to submit improperly inflated invoices, price quotes, and change orders to plaintiff. Plaintiff would pay the price listed on the invoice and the subcontractors

---

[1] Defendant American Construction Services, Inc. is not to be confused with defendant American Construction Services, Inc. of Tampa.

would then pay part of the proceeds to a shell corporation, ACS, created by Oliver and Whitmore for the purpose of diverting and concealing proceeds.

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." By virtue of the default entered against it, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Thus, because defendants Oliver, Whitmore, and ACS have failed to answer and are in default, it is established that they conspired to defraud plaintiff as alleged in the first amended complaint.

The affidavit of damages submitted in support of the motion for default judgment establishes that plaintiff suffered damages in the amount of $7,504.058.22 as a direct and proximate result of defendants' conduct as alleged in the first amended complaint. See Pl. Ex. A, Affidavit of Gregory T. Hesser [Doc. #146-1]; see also Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (allegations relating to the amount of damages must be proven by the plaintiff). Therefore, plaintiff is entitled to judgment by default against defendants Oliver, Whitmore, and ACS in the amount of $7,504,058.22.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #146] is **granted**.

Judgment will be entered at the conclusion of all proceedings in this case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2014.